UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CLARK BAKER and THE OFFICE OF MEDICAL AND SCIENTIFIC JUSTICE, INC. ) ) ) Plaintiffs, ) ) v. ) ) JEFFERY TODD DESHONG, ) ) Defendant. ) | Civil Action No. 4:13-00552-C |

**REPLY MEMORANDUM IN SUPPORT OF
ATTORNEY FEES UNDER TEXAS CITIZENS PARTICIPATION ACT**

All of plaintiffs' arguments in opposition to an award of attorney fees were anticipated in the memorandum in support of defendant's motion for an award of attorney fees under the Texas Citizens Participation Act save one. The motion pointed out that the libel claims in plaintiff's complaint and first amended complaint are now precluded by the statute of limitation, but plaintiffs now argue that because defendant DeShong's blog still contains the allegedly defamatory statements, and is still posted at the allegedly infringing domain name, plaintiffs could still bring their defamation claims, and OMSJ could still bring state-law trademark claims, on the theory of continuing violation.

However, both plaintiffs' defamation claims over the allegedly defamatory statements that were alleged in the now-dismissed action in this Court are barred by the statute of limitations because Texas law incorporates the "single publication" rule, under which the time to sue over a statement begins to run when the statement is first published and does not begin to run anew each time the statement is seen or re-sent. *Williamson v. New Times*, 980 S.W.2d 706, 710 (Tex. App.–Fort Worth 1998). The single publication rule applies to publication on the Internet.

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 143-146 (5th Cir 2007).  Thus, suit over any of the statements alleged in the dismissed action is time-barred.

To the extent that OMSJ's state-law trademark claims amount to defamation claims, in that they rely on consumers' alleged confusion about whether DeShong's criticism of OMSJ are accurate, *Universal Communication System v. Lycos*, 478 F.3d 413, 424 (1st Cir. 2007), they are barred by the same limitations period as the defamation claims.  Moreover, the state-law trademark claims are inextricably intertwined with the elements of the federal Lanham Act claims that have already been dismissed.  *Scott Fetzer Co. v. House of Vacuums*, 381 F.3d 477, 483 (5th Cir. 2004); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 194 (5th Cir.1998);  *See also Exxon Corp. v. Oxxford Clothes*, 109 F.3d 1070. 1075 n.6  (5th Cir. 1997) (Texas-law trademark claims are decided in reliance on federal cases and treatises).  Consequently, dismissal of the Lanham Act claims collaterally estops OMSJ from bringing state-law trademark claims in a new lawsuit.  *Robin Singh Educational Services v. Excel Test Prep*, 274 Fed. Appx. 399, 406 n.6 (5th Cir. 2008).  *See also  Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 479-480 (1982) (final determination of state-law claims precludes litigation of identical federal-law claims).

## CONCLUSION

The motion for an award of attorney fees should be granted.

Respectfully submitted,

<table>
<tr><td>

   /s/D. Gill Sperlein  
D. Gill Sperlein (California Bar 172887)  
(pro hac vice)  
Law Office of D. Gill Sperlein  
345 Grove Street  
San Francisco, California 94102  
(415) 404-6615  
gill@sperleinlaw.com

</td><td>

   /s/ Paul Alan Levy  
Paul Alan Levy (DC Bar 946400)  
(pro hac vice)  
Public Citizen Litigation Group  
1600 20th Street NW  
Washington, D.C. 20009  
(202) 588-1000  
plevy@citizen.org

</td></tr>
<tr><td>

   /s/ Gary Krupkin  
Gary P. Krupkin (Texas Bar 790010)  
1116 Commerce Drive  
Richardson, Texas 75081  
(972) 261-8284  
krupkinlaw@gmail.com

</td><td>

   /s/ Neal A. Hoffman  
Neal A. Hoffman (Texas Bar 24069936)  
Brown Sims, P.C.,  
1177 West Loop South, Tenth Floor  
Houston, Texas 77027  
(713) 629-6237  
nhoffman@brownsims.com

</td></tr>
</table>

                                      Attorneys for Defendant Jeffery Todd DeShong

September 29, 2014