IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CLARK BAKER and OFFICE OF MEDICAL & SCIENTIFIC JUSTICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY[1] TODD DESHONG, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 4:13-CV-552-C |

## ORDER

On this day the Court considered:

    (1) Defendant Jeffrey Todd DeShong's ("DeShong") Motion for Attorney's Fees;

    (2) Plaintiffs Clark Baker and Office of Medical and Scientific Justice, Inc.'s ("OMSJ") Response;

    (3) Defendant's Reply;

    (4) Defendant's Motion for Leave to File Motion for Attorney's Fees Incurred in Relation to Defendant's Motion to Dismiss State Law Claims Pursuant to the TCPA;

    (5) Plaintiffs' Response and Objection; and

    (6) Defendant's Reply filed without leave of Court.

Having considered the foregoing, the Court is of the opinion that Defendant's Motions for Attorney's Fees should both be **DENIED**.

This case was filed by the Plaintiffs under the Lanham Act. In order to award attorney's fees to the prevailing party in a case brought under the Lanham Act, the case must be

---

[1] Also spelled as "Jeffery" in documents filed by Plaintiffs.

"exceptional." 15 U.S.C. § 1117(a). Further, attorney's fees cannot be awarded to a prevailing defendant in patent- or trademark-infringement cases unless it is shown by clear and convincing evidence that the plaintiff sued in bad faith. *Scott Fetzer Co. v. House of Vacuums*, 381 F.3d 477, 490 (5th Cir. 2004). Here, the Defendant failed to show by clear and convincing evidence that this case is exceptional or that the Plaintiffs brought this case in bad faith. Thus, the Defendant's motion for attorney's fees should be denied.

The Defendants also attempt to argue that they should be awarded attorney's fees for the dismissal of the Plaintiffs' state-law claims. However, the Defendant did not prevail on those claims. This Court declined to exercise supplemental jurisdiction over the Plaintiffs' state-law claims when it dismissed the federal claims. The state-law claims were dismissed without prejudice to re-filing in state court. Defendant argues that Plaintiffs' choice not to re-file their state-law claims in state court has the same effect as a voluntary dismissal of their claims. However, the Defendants are not able to cite any binding case law to support this assertion, and the Court does not agree. Thus, the Defendant's motion for attorney's fees should also be denied because the Defendants did not prevail on the state-law claims.

For the foregoing reasons, Defendant's Motions for Attorney's Fees should both be **DENIED**.

SO ORDERED this 21st day of October, 2014.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

2